Richard S. Heller, J.
This claim seeks recovery of damages for alleged false arid illegal imprisonment and detention of the claimant.
Claimant was arrested in Ithaca, New York, Tompkins County, at approximately 12:30 p.m., on July 3, 1958, by a New York State Police Trooper pursuant to a warrant issued by a Justice of the Peace of the Town of Afton, Chenango County, New York, based on an information charging the claimant with misde *531 meaner rape as defined by section 2010 of the Penal Law. At the time of the arrest claimant asked that he be taken before a magistrate in Tompkins County for the purpose of setting bail which the State Trooper declined to do.
Immediately thereafter the State Trooper transported the claimant to the- Troop Headquarters of Troop C to which the trooper was assigned. The jurisdiction of Troop C under the State Police organization cover Chenango, Tompkins, Otsego, Delaware, Schuyler, Tioga, Chemung, Ulster, Sullivan and Broome Counties. At Troop C Headquarters at Sidney, New York, in Otsego County, the claimant was fingerprinted and photographed. Immediately thereafter the claimant was taken before the Magistrate who issued the warrant at Afton in Chenango County for a preliminary hearing at which time bail was set at $250. At the conclusion of the hearing claimant was committed to the Chenango County Jail in Norwich, New York, in lieu of bail. He was released on bail on July 5, 1958 for his appearance on July 7, 1958.
The arrest in Ithaca, New York, was valid and claimant does not assert that the arrest gave rise to any claim for compensation. He does assert that the transportation of the claimant across the Tompkins County line without taking the claimant before a magistrate in Tompkins County in accordance with the claimant’s request as provided in section 159 of the Code of Criminal Procedure did constitute a violation of claimant’s rights which extended to the time of claimant’s release from the Chenango County Jail on bail on July 5, 1958.
Apparently even under claimant’s contention, the appearance before the Justice of the Peace of the Town of Afton on the afternoon of July 3, 1958, whether for the purpose of a preliminary hearing as the State contends or for arraignment as the claimant contends, was proper and within the jurisdiction of the court. This was the court which had issued the warrant and had jurisdiction over the matter and had the claimant physically present before it. The fact that a tortious act may have preceded a legal arraignment could not render the State liable for false imprisonment or render any ministerial office or employee of the State liable in obeying the commitment made by the Magistrate. (Mudge v. State of New York, 271 App. Div. 1039; Bass v. State of New York, 196 Misc. 177; People v. Eberspacher, 79 Hun 410.)
This leaves for determination the validity of the action of the State Trooper in transporting the claimant from Ithaca in Tompkins County to Sidney in Otsego County and then to Afton in Chenango County. Determination of this question depends *532 upon the meaning of sections 159, 552, 552-a, 553 and 940 of the Code of Criminal Procedure which do not seem to have been considered in this light by any court heretofore.
Section 159 of the Code of Criminal Procedure provides: “ If the crime charged in the warrant be a misdemeanor, and the defendant be arrested in another county, the officer must, upon being required by the defendant, take him before a magistrate in that county, who must admit the defendant to bail, for his appearance before the magistrate named in the warrant, and take bail from him accordingly.”
Section 552 provides:
“ The defendant cannot be admitted to bail either before or after indictment except by a justice of the supreme court or by a judge of the court of general sessions or a judge of the county court where the defendant is charged * * *
“ 3. With a felony or with any of the misdemeanors or offenses specified in this section and it shall also appear from the defendant’s fingerprints, or otherwise, that there is reason to believe that he has either (a) been previously convicted within the state of a felony, or an attempt to commit a felony, or of a crime under the laws of another state, government or country which if committed within this state would be a felony; or (b) has been twice so convicted of any one of such misdemeanors or offenses or convicted of any two of them. The misdemeanors and offenses referred to in this section are the following, as defined in the penal law, to wit: * * * that kind of sodomy or rape which is designated as a misdemeanor ”.
Section 553 of the Code of Criminal Procedure provides: “If the charge be for any crime other than as specified in section five hundred and fifty-two he may be admitted to bail, before conviction, as follows: 1. As a matter of right, in cases of misdemeanor; 2. as a matter of discretion, in all other cases.”
The Legislature has made a distinction in the procedure following arrest between misdemeanors or offenses as specified in section 552 and all other misdemeanors. Under the provisions of section 552-a, when a person is arrested for one of the misdemeanors specified in section 552 it is a condition precedent to bail that fingerprints be taken and it be ascertained whether or not he has previously been convicted of a crime. Section 552-a reads in part as follows: “ Upon the arrest of a person so charged it shall be the duty of the peace officer having him in custody to forthwith ascertain his previous record, if any, from the files and records kept in the place in which he is arrested and report immediately thereon. Nor shall he be *533 admitted to bail until Ms previous record, if any, shall be submitted to the judge, justice, magistrate or other person empowered to admit to bail. The fingerprints thus taken as a condition precedent to admission to bail, and all copies of such prints shall be returned to the defendant or destroyed in his presence, on demand, upon acquittal or dismissal of the charge. The report of an official charged with that duty who shall certify in writing that defendant whose fingerprints have been so taken has previously been convicted of a crime or offense, shall, for the purpose of this and the preceding section, be presumptive evidence of the fact of such conviction. This provision as to finger print records, however, shall apply only to such cities or other localities as may have or may develop facilities for the prompt taking and recording of such finger print records.” The claimant contends that in carrying out these statutory provisions, the State Trooper making the arrest should have had the claimant fingerprinted and photographed by the Ithaca Police Department or the Tompkins County Sheriff’s office and upon ascertainment from these records that there was no prior record should have taken the claimant before a magistrate in Tompkins County with that information.
The State on the other hand, contends that the procedure followed by the police officer was fully within the provisions of the statutes and cites section 940 of the Code of Criminal Procedure which reads in part: 1 ‘ Members of the state police, upon arresting a person or persons for any felony or any crime which would be a felony if such person had been previously convicted of a crime, or any of the misdemeanors and offenses specified in section five hundred and fifty-two of this code, may transport and bring said persons arrested to their troop headquarters for the purpose of fingerprinting and thumbprinting and photographing, and if necessary blood grouping.”
The logical scheme of the stautory provisions is to provide for reasonable ascertainment of the existence or nonexistence of a prior criminal record where an individual is charged with certain misdemeanors including misdemeanor rape prior to any action in regard to bail. Where the arrest on such charge is made by the State Police, reasonable ascertainment of the existence or nonexistence of a previous criminal record includes the right of the State Police to transport the person so charged to troop headquarters. Such action by the State Police must, of course, be carried out within the general protection of the rights of citizens as provided in section 165 of the Code of Criminal Procedure.
*534 The court finds that the claimant has failed to prove any tort for which the State is liable to answer in damages. The claim therefore must be and hereby is dismissed upon the merits.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. Let judgment be entered accordingly.